UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-10983-RGS

KEON L. BOGGS

v.

RANGE ROVER and UNKNOWN PERSONS,

<u>MEMORANDUM AND ORDER</u>

April 18, 2024

STEARNS, D.J.

Plaintiff, proceeding *pro se*, has filed a complaint against Range Rover with a motion for leave to proceed *in forma pauperis*.  For the reasons stated below, the court will deny without prejudice the motion for leave to proceed *in forma pauperis* and dismiss this action pursuant to the court's inherent authority.   Plaintiff is warned that if he continues to file frivolous claims, he may be sanctioned.

BACKGROUND

Plaintiff Keon L. Boggs  submits his complaint using the preprinted Pro Se 1 form (complaint for a civil case) provided by the Administrative Office of the United States Courts.  Complaint ("Compl.").   In the section of the complaint for basis of jurisdiction, Boggs checks the box for diversity of citizenship  *Id*. at ¶ II. Boggs' handwriting is barely legible and in the section of the complaint for federal question jurisdiction, he makes a statement concerning unemployment. *Id.* at ¶ II(A), *see also* ¶ III.  He does not provide

the citizenship of the parties and under the diversity of citizenship section of the complaint, he writes his name on each line for the plaintiff.  Similarly, for the defendant he writes either his name or Ranger Rover. *Id*. at ¶¶  II(B)(1), (2).  For the amount in controversy, he simply states "civil payed back."  *Id*. at ¶  II(B)(3).  The relief section of the complaint is blank.  *Id*. at ¶ IV.

The court's records indicate that, to date, Boggs filed the following actions in the Boston federal court: *Boggs v. Childrens Hospital*, C.A. No. 24-10984-JEK (filed Apr. 16, 2024); *Boggs v. 34 Bowdoin, et al.*, C.A. No. 24-10986-RGS (filed Apr. 16, 2024); *Boggs v. Feds Agents, et al.*, C.A. No. 24-10982-ADB (filed Apr. 16, 2024); *Boggs v. U.S. Bank*, C.A. No. 24-10278-MJJ (filed Feb.  2, 2024); *Boggs v. Federal Reserve Bank*, C.A. No. 24-10280-FDS (Filed Feb. 2, 2024); *Boggs v. Human Society, et al.*, C.A. No. 24-10279-PBS (*sua sponte* dismissal Apr. 3, 2024); *Boggs v. Snickers*, C.A. No. 24-10276-PBS (*sua sponte* dismissal Apr. 3, 2024); *Boggs v. Edwards Club*, C.A. No. 19-11113-IT (dismissed Nov. 21, 2019); *Boggs v. Citizens Bank*, et al., C.A. No. 19-11112-LTS (dismissed Jun. 4, 2019); and *Boggs v. South Bay Jail*, C.A. No. 19-11111-DJC (dismissed Sept. 9, 2019).

MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Boggs submitted an application to proceed in district court without prepaying fees or costs (also referred to as a motion or application to proceed *in forma pauperis*).  Although Boggs seems to indicate that he receives

disability payments, he failed to describe the source of money, and his one word answers to the remaining questions are not responsive. Thus, the motion for leave to proceed *in forma pauperis* will be denied because it is incomplete.

## REVIEW OF THE COMPLAINT

The court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).

Additionally, federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  Those powers include the power to dismiss frivolous or malicious actions, regardless of the status of the filing fee.  *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff.  *Axcella Building Realty Trust v. Thompson*, No. 23-40151-DHH, 2024 WL 474539, at n. 2 (D. Mass. Jan. 25, 2024).  "Rather, in legal parlance,

a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

In conducting its review, the court must liberally construe the complaint because plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

DISCUSSION

To invoke this court's subject-matter jurisdiction, plaintiff must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter. *See* 28 U.S.C. § 1331 (federal question) and § 1332 (diversity).  To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states, *see id.* at § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000. *See id.* at § 1332(b).

Here, the court may not exercise diversity jurisdiction under 28 U.S.C. § 1332.  Even if diversity of citizenship existed, the asserted basis for jurisdiction in the complaint, the complaint does not identify a cause of action under state law nor an amount in controversy.  To the extent Boggs seeks to assert federal question jurisdiction, he does not identify any claims that arise "under the Constitution, laws or treaties of the United States" nor does he seek to redress "any right privilege or immunity secured by the Constitution of the United States or by any Act of Congress."  28 U.S.C. §§

4

1331, 1343(3).    Thus, the court concludes that it is without subject matter jurisdiction.

Here, the court cannot discern a cause of action and to the extent that a factual allegation is asserted, such allegation fails to state a claim upon which relief can be granted.  Thus, the complaint fails to establish this court's subject matter jurisdiction and fails to state a plausible claim.

In light of the nature of the pleading and plaintiff's litigation history, the court finds that amendment would be futile.    *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that *sua sponte* dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

Accordingly, and pursuant to the court's inherent authority, the action will be dismissed.  In addition, Boggs is <u>WARNED</u> that if he continues to file frivolous claims, he may be sanctioned, including but not limited to monetary sanctions and enjoinment from filing actions in this district without leave of court.

## ORDER

For the foregoing reasons, it is hereby ordered as follows:

1.  The motion for leave to proceed *in forma pauperis* is DENIED because it is incomplete.

2.  This action is DISMISSED pursuant to the court's inherent authority.

3.     The clerk is directed to enter a separate Order of Dismissal.


                        SO ORDERED.

                        /s/ Richard G. Stearns
                        UNITED STATES DISTRICT JUDGE